**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHI ZHOU,<br><br>           Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No. 16-73956<br><br>Agency No. A087-832-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,[**] District
Judge.

Petitioner Zhi Zhou petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for asylum and withholding of removal and his

request for protection under the Convention Against Torture ("CAT"). Petitioner, a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Janet Bond Arterton, United States District Judge for
the District of Connecticut, sitting by designation.

Chinese citizen and Christian home-church member in Tianjin City, China, was arrested by police officers at home-church services, detained for two days, interrogated, beaten, shocked with an electric baton, and had tea poured on his face. Petitioner also was coerced into signing a "pledge" and told that if he did not do so he would be sent to a labor camp. He was released only upon his family's payment of a bond and subject to supervised release, which required him to report weekly to the police, at which meetings police asked him whether he was "in touch with any of the church members, if [he was] engaging in propagandizing the cult to anyone else." After reporting weekly for six months, Petitioner fled China, attesting that he could not comply with the conditions of his pledge because he was "unable to give up [his] belief." We have jurisdiction under 8 U.S.C. § 1252.

"We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). "We may reverse the decision of the [BIA] only if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect." *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006).

1. Petitioner contends that the BIA's determination that he is ineligible for asylum based on his past persecution and well-founded fear of future persecution is

not supported by substantial evidence. Respondent claims only that Petitioner's experiences do not rise to the level of persecution.

We recently held that the evidence compelled a finding of past persecution in *Guo v. Sessions*, 897 F.3d 1208, 1211 (9th Cir. 2018), where the petitioner was arrested while attending Christian home-church services, slapped twice in the face, struck eight or nine times with a baton, detained for two days, and only released upon his father's payment of a bond and upon the petitioner's signing a letter agreeing to terms of supervised release. Those terms prohibited the petitioner from attending home church and required him to report to the police weekly and subjected him to arrest for violating either release condition. *Id.*

Given the substantial similarity to the facts in this record, *Guo* controls the outcome of this petition for review. "[T]he evidence compels a finding of past persecution, thus requiring us to remand this case to the BIA in order for it to apply the presumption of future persecution." *Id.* at 1213; *see also Guo v. Ashcroft*, 361 F.3d 1194, 1197, 1204 (9th Cir. 2004) (holding that the petitioner suffered past persecution because of his religious beliefs where he was arrested, detained, beaten, and forced to sign an affidavit promising not to believe in Christianity).

Because Petitioner's claim for withholding of removal is interwoven with the merits of his claim for asylum based on past persecution, that claim is also remanded to the BIA for it to apply the presumption of future persecution.

16-73956

2.  Petitioner also contends that the BIA erred in denying relief under the Convention Against Torture. "In order to qualify for relief under the [CAT], [an applicant] must establish that it is more likely than not that he would be tortured if removed to [his home country]." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). "[T]orture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005).

Substantial evidence supports the BIA's determination that Petitioner was not "more likely than not" to be tortured if removed to China. The severity and duration of the physical mistreatment to which Petitioner was subjected does not rise to the level of other physical mistreatment that we have found to constitute torture. *See, e.g.*, *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (recognizing as torture "sustained beatings for a month" followed by "severe beatings" and being "burned with cigarettes over an 8 to 10 day period"), *amended by* 355 F.3d 1140 (9th Cir. 2004) (order). Moreover, the Country Reports on which Petitioner relies do not establish that he is more likely than not to be subjected to torture if returned. Accordingly, we deny the petition as to the CAT claim.

The petition for review is **GRANTED and REMANDED** as to the asylum and withholding of removal claims and **DENIED** as to the CAT claim.  The parties shall bear their own costs on appeal.

16-73956